IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 12-05293 (ESL) |
| TERESA GUILLEN LUGO | CHAPTER 13 |
| Debtor | |
| TERESA GUILLEN LUGO | ADV. PROC. NO. 14-00175 (ESL) |
| Plaintiff | |
| v. | |
| HECTOR LUIS BAEZ RIVERA; NANCY CASANOVA VAZQUEZ; ILEANA FONTANEZ FUENTES, ESQ; INSURANCE COMPANIES X, Y OR Z | |
| Defendants | |

OPINION AND ORDER

The instant adversary proceeding was filed by the Debtor/Plaintiff against the Creditors/Defendants alleging that the Defendants violated the automatic stay provisions of 11 U.S.C. §362(a)(2) and (6). The adversary proceeding is before the court upon Plaintiff's *Motion for Partial Summary Judgement and Memorandum of Law in Support Thereof* (Docket No. 30 and Docket No. 31) and *Defendants' Memorandum of Law in Support of Their Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Cross Motion for Summary Judgment* (Docket No. 48). In addition, there is the *Reply to Defendants' Opposition to Motion for Partial Summary Judgment* (Docket No. 59) and Defendants' *Supplement to Motion in Opposition to Summary Judgment and Request that Adversary Proceeding be Dismissed*

-1-

(Docket No. 84) and the Plaintiff's *Reply to Defendants' Supplement to Opposition to Motion for Partial Summary Judgment* (Docket No. 88).

<u>Jurisdiction</u>

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

<u>Procedural Background</u>

On July 17, 2014, the Debtor/Plaintiff filed the instant adversary proceeding alleging that the Creditors/Defendants and defendant Ileana Fontanez Fuentes violated the automatic stay provisions against the Debtor and the Guillén-Fernández conjugal partnership by continuing to make collection efforts as to the conjugal partnership's property. On September 22, 2014, the Defendants filed their Answer to the Complaint (Docket No. 15). On November 21, 2014, a preliminary pretrial hearing was held in which the court granted the parties sixty (60) days to file a settlement agreement and the pretrial hearing was continued without a date (Docket No. 20).

On March 17, 2015, the Debtor filed a *Motion for Extension of the Case Management Deadline to File Dispositive and Pre-Trial Motions* (Docket No. 22) and the same was granted on March 23, 2015 (Docket No. 23). On April 2, 2015, the Debtor filed a *Motion for Extension of Time to Answer Interrogatories and for Extension of Case Management Deadline to File Dispositive and Pre-Trial Motions* (Docket No. 25) and the court granted the same on April 9, 2015 (Docket No. 27).

On April 13, 2015, the Debtor/Plaintiff filed a *Motion for Partial Summary Judgment and Memorandum of Law in Support Thereof* contending that the Defendants violated the automatic stay provisions pursuant to 11 U.S.C. §362(a)(6) premised upon the following arguments: (i) the conjugal partnership's property is protected by the automatic stay; (ii) "[t]he inevitable conclusion

is that where one spouse files bankruptcy in Puerto Rico, all th[e] debtor's property as well as the community property becomes property of the estate by operation of §541(a)(2)(A). In re Bobonis Lang, 191 B.R. [268, 172 (Bankr. D.P.R. 1995)];" and (iii) "[t]he continuance of judicial proceedings constituted a direct and continuous threat of garnishment of Guillen's personal funds and other property, as well as the conjugal partnership's property. These proceedings were affirmative 'acts' to collect or to recover Defendants' pre-petition claim within the broad intended scope of 11 U.S.C. §362(a)(6). These acts amount to a willful violation of the automatic stay and give rise to an action for actual damages" (Docket No. 30). On April 13, 2015, the Plaintiff filed her *Statement of Uncontested Facts Pursuant to District Court Local Rule 56(b) in Support of Motion for Summary Judgment* (Docket No. 31).

On April 21, 2015, the Plaintiff filed a Motion for Extension of to File English Translations of Spanish Language Documents (Docket No. 34) and the same was granted on April 22, 2015 (Docket No. 35). On April 27, 2015, the Defendants filed a *Motion for Extension of Time to File Opposition to Summary Judgment* (Docket No. 37) and the motion for extension of time was granted on April 30, 2015 (Docket No. 38). On May 18, 2015, the Defendants filed a second *Motion for Extension of Time to File Opposition to Summary Judgment* (Docket No. 40) and the court granted said motion for extension of time on May 19, 2015 (Docket No. 41). On May 27, 2015, the Defendants filed a third *Motion for Extension of Time to File Opposition to Summary Judgment* (Docket No. 43) and the same was granted (Docket No. 45). On May 28, 2015, the Plaintiff filed a *Motion Submitting English Translations of Spanish Language Documents* (Docket No. 44).

Subsequently, on June 3, 2015, the Defendants filed their *Answer to Plaintiff's Statement of Undisputed Facts in Support of Summary Judgment and Defendant's Statement of Uncontested Facts in Support of Cross Motion for Summary Judgment* (Docket No. 47). Also on June 3, 2015,

the Defendants filed their *Memorandum of Law in Support of their Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Cross Motion for Summary Judgment* arguing that they did not violate the automatic stay provisions. (Docket No. 48).

On June 10, 2015, the Debtor/Plaintiff filed a *Motion Requesting Leave and an Extension to File Reply to Defendant's Memorandum of Law in Support of Their Opposition to Debtor's Motion for Summary Judgment* (Docket No. 49). The same was granted on June 16, 2015 (Docket No. 52). On June 24, 2015, the Debtor/Plaintiff filed a *Motion Requesting an Extension to File Reply to Defendant's Memorandum of Law in Support of Their Opposition to Debtor's Motion for Summary Judgment* (Docket No. 54) and the motion requesting extension was granted on June 25, 2015 (Docket No. 56).

On July 8, 2015, the Debtor/Plaintiff filed her *Reply Memorandum to Defendant's Opposition to Motion for Summary Judgment.* (Docket No. 59). On July 15, 2015, Plaintiff filed her *Reply Statement to Defendants' Response to Uncontested Facts and to Defendants' Additional Statement of Uncontested Facts* (Docket No. 66).

On October 16, 2015 a hearing was held in which the court heard oral arguments as to the motion for summary judgment and the opposition. The court granted the parties thirty (30) days to file a settlement agreement or otherwise move the court. Plaintiff's counsel provided an overview of facts leading to the filing of the instant adversary proceeding. Defendants' counsel argued that documents referenced by plaintiff do not show the entire story. Defendants have filed a proof of claim and do not question the distribution scheme. The Court gave an overview of how it sees the case and invited counsels to discuss settlement. A transcript was requested (Docket No. 71). On March 18, 2016, a status hearing was held in which the parties informed the court that they had not reached an agreement. The court granted Defendants twenty-one (21) days to

supplement the opposition for summary judgment. Plaintiff was granted twenty-one (21) days to reply (Docket No. 82).

On April 6, 2016, the Defendants filed their *Supplement to Motion in Opposition to Summary Judgment and Request that Adversary Proceeding be Dismissed.* (Docket No. 84). On April 27, 2016, the Plaintiff filed a *Motion for Brief Extension to Respond to Defendants' Supplement to Opposition to Summary Judgment per Court Order at Docket No. 82* (Docket No. 86). The same was granted on May 4, 2016 (Docket No. 87).

On May 7, 2016, Plaintiff filed her *Reply to Defendants' Supplement to Opposition to Motion for Partial Summary Judgment* alleging the following: (i) "Defendants admit they sought execution of judgment against the conjugal partnership property." "The actual motions filed with the Puerto Rico Court of First Instance specifically allege, "[n]either the community property nor Victor Roberto Fernández have submitted a bankruptcy petition. In fact, Bankruptcy Code does not recognize the community property and requested for the court to continue post-judgment proceedings against all, but Mrs. Teresa Guillen's property." See Docket No. 44, Exhibit 5 (state court Order to continue judgment execution proceedings against community property and Victor Fernández); (ii) the state court Order which renewed the previous execution motion, included a request for a Mandate of Embargo (Docket Nos. 59, Exhibit 1 & Docket Nos 67, Exhibit 1). It is these proceedings which the Defendants sought to renew against the conjugal partnership property and the private property of Mr. Victor Fernández; (iii) the Defendants moved the state court to continue post-judgment proceedings against property of the estate, the marital residence and all the income producing properties of the spouses, thus violating the automatic stay provisions; See In re Passmore, 156 B.R. 595, 599 (Bankr. E.D. Wis. 1993); In re Diaz Collazo, 524 B.R. 431, 436 (Bankr. D. P.R. 2015); (iv) "[t]he post-petition Order issued by the Puerto Rico Court for continuation of post-judgment proceedings against the Conjugal Partnership and Mr. Fernández

was issued as requested by Defendant. See Docket No. 44, Exhibits 2, 4 and 5. It was said Order which was appealed by the non-filing spouse as a protection from the sought attacks on community property and his own property;" and (v) "[i]n deciding to allow post-judgment proceedings against all but Teresa Guillen's private property (until the Court of Appeals and finally, the Supreme Court corrected said decision), the conjugal partnership and its real and personal property were exposed to actual garnishment by Defendants after this Honorable Court's stay was in effect" (Docket No. 88).

On August 3, 2016, a hearing was held in which counsel for the parties argued their respective positions. Moving creditors requested to lift the stay as to Mr. Fernández and his private property because the Supreme Court determined that the stay was in effect until the bankruptcy proceedings conclude or the stay is lifted. Debtor's counsel alleges that it is a conjugal partnership debt and not of the individuals constituting the conjugal society and that the conjugal partnership is protected under 11 U.S.C. §362(a). The court ordered Debtor's counsel to submit copy of Court of Appeals of Puerto Rico Judgment dated April 12, 2013 within five (5) days. Thereafter, the matter would be deemed submitted (Docket No. 91).

Uncontested Facts

The parties agree as to the following uncontested material facts (Docket Nos. 31, 47 and 66):

1. On August 9, 2007, Mr. Héctor Baez Rivera and Nancy Casanova filed a complaint numbered EAC 2007-0500 against Víctor Fernández and Teresa Guillén at the First Instance Court of Caguas, Puerto Rico in which they requested that Víctor and Teresa must comply with a contract, on the alternative they requested that the contract be voided plus the damages caused.

2. The complaint was filed against Víctor Fernández and his wife Teresa Guillén because

they made several misrepresentations and acted with bad faith by stating that a plot of land of 2,500 square meters out of 185 "cuerdas" owned by Mr. Víctor Fernández could be segregated and sold.

3.  The First Instance Court of Caguas granted judgment in favor of Héctor Baez and Nancy Casanova on August 16, 2010 in case EAC 2007-0500 and declared that Víctor Fernández and Teresa Guillén acted in bad faith and they deliberately portrayed that the plot of land could be sold but they knew that the zoning of the area was agricultural conservation and therefore the segregation was impossible.

4.  The Puerto Rico Court of Appeals confirmed the Judgment of case EAC 2007-0500 and only modified the amount of the Judgment in favor of Nancy Casanova and Héctor Baez to the amount of $216,760.73, Judgment of the PR Court of Appeals KLAN 2010-1453.

5.  The Judgment in case EAC 2007-500 became final and non-appealable, and the Defendants, Nancy Casanova and Héctor Baez requested the execution of said Judgment.

6.  On June 11, 2012, the codefendants filed before the Puerto Rico Court of First Instance Court, Caguas Part, a Motion Requesting the Execution of Judgment issued by the court in codefendants' favor. The Motion states that the Judgment execution will serve the purpose of seizing enough property to cover the amount claimed.

7.  On July 3, 2012, Plaintiff Guillen filed a Chapter 13 bankruptcy petition. On line item #16 of the Statement of Financial Affairs, the Debtor informed to have constituted a conjugal partnership under Puerto Rico law with Mr. Víctor Fernández.

8.  On Schedule G, Executory Contracts, the Debtor listed several lease agreements of private properties that belong to her husband.

9.  On August 3, 2012, codefendant Héctor Luis Báez, through attorney Felipe Sanabria appeared at the 341 meeting of creditors held in case No. 12-05293.

10. On August 24, 2012, Víctor Fernández, by himself and without mentioning Plaintiff in this case or the conjugal partnership, filed a new case in the Court of First Instance, Caguas Part, case number EAC 2012-0275, in which he sought relief from the Judgment rendered in case EAC 2007-0500.

11. On September 4, 2012, Víctor Fernández requested that the proceedings in case EAC 2007-0500 be stayed.

12. After due notice, on September 4, 2012, the Puerto Rico Court of First Instance in Civil Case No. EAC 2007-0500, issued a Resolution staying the proceedings because of Plaintiff's bankruptcy filing.

13. All Defendants submitted themselves to the jurisdiction of this court after due notice of the Debtor's bankruptcy.

14. All Defendants had knowledge of the filing of Mrs. Guillen's bankruptcy petition and of the automatic stay provisions of the Bankruptcy Code.

15. On September 18, 2012, the Defendants filed a motion for reconsideration in which they requested that all proceedings should only be stayed as to the Debtor in case 12-05293.

16. On September 28, 2012, the Plaintiff in this case and Víctor Fernández filed an opposition to the reconsideration.

17. On October 1, 2012, Defendants through codefendant Ileana Fontanez, filed a Reply to Opposition to Motion to Reconsider Stay and in said reply Ileana Fontanez specifically stated the request that the Order staying the proceedings be applied only to Mrs. Teresa Guillén which is the only debtor in case 12-05293.

18. On October 9, 2012, the Puerto Rico Court of First Instance notified an Amended

-8-

Resolution to its September 4, 2012 order, and allowed continuation of garnishment proceedings against Víctor Fernández and the Guillén-Fernández conjugal partnership which property comprises the Chapter 13 estate.

19. On October 22, 2012, Defendants Baez and Casanova filed a prof of claim before this court in case No. 12-05293.

20. On October 29, 2012, Víctor Fernández filed a certiorari petition before the Puerto Rico Court of Appeals in which he sought that the October 9, 2012 Amended Resolution in case EAC 2007-0500 would be reversed.

21. On November 30, 2012, the codefendants Baez and Casanova filed their answer to the certiorari in which they asserted that Mr. Víctor Fernández was responsible for the debt and that his private property was not covered by Plaintiff's bankruptcy petition.

22. On February 14, 2013, the Puerto Rico Court of Appeals issued a Judgment reversing the lower court's decision and thus, stayed all proceedings including those against Víctor Fernández's private property.

23. On March 12, 2013, Defendants filed a Motion for Reconsideration to the Court of Appeals, requesting the Court of Appeals to reconsider its Judgment, to the effect that said Judgment is modified so that the privately-owned property of Víctor Fernández Ramos is not protected by the bankruptcy estate and therefore the proceeding can continue against Mr. Fernández's private property.

24. On April 12, 2013, the Puerto Rico Appeals Court issued an Amended Judgment, allowing the execution of the Judgment in case EAC 2007-0500 to continue only against Mr. Fernández's private property, and not against Debtor Guillen or the Conjugal Partnership's property.

25. On April 23, 2013, the Puerto Rico Court of Appeals denied Víctor Fernández's

Motion for Reconsideration.

26. There has been no special counsel appointed in case 12-05293.

27. Attorney Primitivo Pagán is not an appointed special counsel or appointed professional in case 12-05293.

28. Plaintiff bankruptcy attorney reviewed the documents submitted to the Court of First Instance, Caguas Part and billed for those services.

### Standard for Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential

-10-

to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co.,

-11-

841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

For the reasons explained below, this court denies the Plaintiff's *Motion for Partial Summary Judgment* and grants the Defendants' *Opposition to Motion for Partial Summary Judgment*.

Plaintiff's arguments regarding violation of the automatic stay

The Debtor argues that the Defendants violated the automatic stay provisions pursuant to 11 U.S.C. §362(a)(6) because of the continued judicial proceedings and continued collection efforts against the community property which is part of the bankruptcy estate. The particular allegations regarding violations of the automatic stay are as follows: (i) "[i]n a brazen violation of the automatic stay, on September 18, 2012, Defendants filed a Motion for Reconsideration before the Caguas Court demanding that the court continue garnishment proceedings against the Guillen's conjugal partnership's property, including Debtor Guillen's conjugal partnership residence" (Docket No. 30, pg., 7); (ii) "… on October 1, 2012, Defendants through co-defendant Ileana Fontanez, filed a Reply to Opposition to Motion to Reconsider Stay, again seeking prosecution of the judgment against the Guillén-Fernández conjugal partnership property. As in the Motion to Reconsider, codefendant Attorney Fontánez clearly contended that the conjugal

partnership was not protected by Mrs. Guillen's bankruptcy filing, and so, garnishment proceedings could proceed as to the conjugal partnership;" (Docket No. 30, pgs. 7-8); and (iii) "… on March 12, 2013, Defendant Fontanez continued to violate the Bankruptcy Court automatic stay and submitted another Motion for Reconsideration to the Appeals Court, demanding the annulment of said Court's Judgment and that said court allow the garnishment of Mr. Fernandez's and the conjugal partnership's property;" (Docket No. 30, pg. 9). The Plaintiff alleges that the Defendants willfully violated the automatic stay provisions because they continued collection efforts against the community property.

The Plaintiff in her *Reply Memorandum to Defendant's Opposition to Motion for Summary Judgment* further contends that: (i) "[b]y Defendants' own admission, they continued garnishment proceedings against the property of the conjugal partnership comprised of Debtor-Plaintiff and Mr. Fernandez. Therefore, it is uncontested that Defendants continued legal action against property of the bankruptcy estate, as is defined in 11 U.S.C. §541(a)(2)(A);" (ii) the post-petition continuance of legal action against the conjugal partnership constitutes a violation of the automatic stay pursuant to 11 U.S.C. §362(a)(2); (iii) as stated in In re Ortiz, 2011 Bankr. Lexis 4491, *13 (Bankr. D.P.R. 2011), "…any PR court motions for execution of the judgment against conjugal partnership property constituted willful violations of the automatic stay." That is to say that term 'action' as used in 11 U.S.C. §362 is not limited to instances of specific seizure or liquidation of a certain asset by a party after obtaining judgment in its favor, as Defendants seem to contend." Defendants' motion in state court for the execution of the judgment against the conjugal partnership property constituted a willful violation of the automatic stay. "The fact that they did not mention a specific property is inconsequential to the fact that they persisted in their legal actions against the conjugal property;" (iv) "[t]he fact that their intention was to proceed 'solely' against the conjugal partnership is a clear admission of the willful nature of the automatic

-13-

stay violation;" (v) "…starting on September 18, 2012, Defendants committed a series of acts directed at enforcing the collection of a prepetition debt against the conjugal partnership composed by Plaintiff Guillen and her husband, including the request to garnish property; and (vi) "Plaintiff was far from inactive after filing the bankruptcy case, all the time she defended herself from the constant onslaught of legal proceedings, before various state courts, by Defendants' legal counsel. Thus, the doctrine of laches is not applicable in the present case" (Docket No. 59).

Defendants' arguments regarding alleged violation of the automatic stay

The Defendants argued that they did not violate the provisions of the automatic stay due to the following: (i) the conjugal partnership is not a debtor in this case pursuant to 11 U.S.C. §101(13) and 101(41), therefore it is not protected by the provisions of the automatic stay; (ii) the conjugal partnership is not protected by the automatic stay because it is not a debtor; (iii) what is protected is Debtor's interests in community property with her spouse. Defendants did not attempt to enforce the Judgment against any particular property or any interest of the debtor in any community property which may be regarded as "property of the estate." "Defendants did not have an order to sell, execute or dispose of any specific property and have never been in the position to foreclose their Judgment against any property of the estate in bankruptcy;" (iv) "community property" is not tantamount to the "conjugal partnership," the former refers to the assets of the estate and the latter to the person holding title over such estate. To determine whether a specific property is property of the estate we must delve into state law; (v) "[t]he conflict in this case was created by Plaintiff husband when he requested that 'all proceedings be stayed since the defendant in case EAC 2007-0500 filed for bankruptcy' this misled the Caguas Court into staying all proceedings including moving forward against private property owned by someone who is not a debtor (Víctor Fernández Ramos);" (vi) Mrs. Teresa Guillén has never been mentioned in any of

-14-

Defendants' documents or motions and no process has been directed against her. Defendants have moved against Mr. Víctor Fernández because he is not a debtor; (vii) on March 12, 2012, Defendants filed a Reconsideration to the February 25, 2013 Order, requesting that the proceedings against Mr. Víctor Fernández be allowed; (viii) "… Plaintiff's husband is trying to avoid having to pay the Judgment Defendants obtained against him in case EAC 2007-0500 without having to submit himself or his personal property ('bienes privativos') to the Bankruptcy Court jurisdiction, nor the jurisdiction of the local court since he alleges that his wife's automatic stay also protects him; and (ix) Plaintiff waited 22 months after the first alleged violation of the automatic stay to file the instant adversary proceeding, thus failing to mitigate damages and incurring in laches and should not be entitled to seek compensation due to her own inaction (Docket No. 48).

The Defendants filed a *Supplement to Motion in Opposition to Summary Judgment and Request that Adversary Proceeding be Dismissed* arguing as follows: (i) Defendants did not take any action against the Debtor or against property of her estate. Therefore, the legal issue is whether the motions filed by Defendants requesting that the state courts determine whether the Debtor's husband and the conjugal partnership were protected by the automatic stay constituted a willful violation of the stay; (ii) given that there is concurrent jurisdiction (state court and bankruptcy court) to determine the extent of the protection afforded by the automatic stay provisions there cannot be a violation of the automatic stay because the Defendants' only action was to argue the extent and application of the automatic stay; and (iii) therefore, the complaint does not contain any claim upon which relief can be granted and this adversary proceeding should be dismissed pursuant to Fed. R. Bankr. P. 7012 for failure to state a claim upon which relief can be granted (Docket No. 84).

-15-

Discussion – Violation of the Automatic Stay

In the instant adversary proceeding the Debtor alleges that the Creditors violated the automatic stay pursuant to 11 U.S.C. §362(a)(2) and (6). Sections 362(a)(2) and (6) operate as a stay against the enforcement of any collection act against the debtor or property from the estate. Section 362(a)(2) operates as a stay regarding "…the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. §362(a)(2). Section 362(a)(6) operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6). Thus, the provisions of the automatic stay prohibit a creditor from continuing any action to recover against the "debtor" and/or "property of the estate," which includes community property. The non-debtor spouse, as an individual, and his or her private property, do not enjoy the protections afforded by the automatic stay or any other provisions of the Bankruptcy Code since he or she did not file for bankruptcy protection. Moreover, the non-debtor spouse's private property does not constitute property of the bankruptcy estate.

The court notes that the Supreme Court of Puerto Rico rendered a *Judgment* and ordered that all the proceedings be stayed until Mrs. Guillen concludes the bankruptcy process or the Bankruptcy Court provides relief from the automatic stay provisions.[1] The issue of whether the

---

[1] In Wiscovitch Rentas v. Marchand Serrano (In re Morales Garcia) 553 B.R. 1, 15-16 (Bankr. D.P.R. 2016), this court stated the following:

"To determine whether a 'proceeding is subject to the automatic stay under section 362(a)(1), many courts have followed the analysis employed in the Third Circuit which is the following:

'Whether a specific judicial proceeding falls within the scope of the automatic stay must be determined by looking at the proceeding 'at its inception.' 'That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.' Thus, the dispositive question is whether a proceeding was 'originally brought against the debtor.' Maritime Elec. Co. v. United Jersey Bank, 959 F. 2d 1194, 1204-1205 (3rd Cir. 1992) (citations omitted).

'All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay. Thus, within

-16-

Defendants have willfully violated the automatic stay provisions pursuant to 11 U.S.C. §362(a)(2) and (6) was not before the state court. Thus, the state court has not adjudicated this particular legal issue. The issue that was before the Court of First Instance, the Appellate Court and the Supreme Court of Puerto Rico was the extent of the automatic stay provisions and whether the same covered the non-debtor spouse, the private assets of the non-debtor spouse, the conjugal partnership and the community property.

The automatic stay in 11 U.S.C. §362(a) is one of the basic protections under the Bankruptcy Code and becomes operative by the filing of the bankruptcy petition. Soares v. Brockton Credit Union (In re Soares), 107 F. 3d 969, 971 (1st Cir. 1997). The automatic stay is extremely broad in scope and, "aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2016). Furthermore, the automatic stay also protects creditors since it prevents the "dismemberment of a debtor's assets by individual creditors levying on the property. This promotes the bankruptcy goal of equality of distribution" Id. The automatic stay provides debtors with one of the cornerstone protections under bankruptcy law, giving debtors a "breathing room" from the pressures of their creditors. See In re Soares, 107 F. 3d at 975. Given its utmost importance in the bankruptcy system, courts "must display a certain rigor in reacting to violations of the automatic stay." In re Soares, 107 F. 3d. at 975-976.

one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue.' Id. at 1204-1205; see also; Parker v. Bain, 68 F. 3d 1131, 1138 (9th Cir. 1995) (holding a claim originally brought by a person who subsequently filed bankruptcy under chapter 11 was not subject to the automatic stay); Carlson v. Norman, (In re Duncan), 987 F. 2d 490, 491 n. 2 (8th Cir. 1993) (holding that a third-party action instigated by two debtors against a third party was not subject to the automatic stay); Gecy v. Bank of Ozarks (In re Gecy), 510 B.R. 510, 522-523 (Bankr. D.S.C. 2014) (holding that debtor did not prove that defendant creditors violated automatic stay under 11 U.S.C. §362(a) with respect to their actions in a state court lawsuit because the creditors' actions involved a counterclaim that debtor asserted and were in response to that counterclaim)."

-17-

Moreover, "[u]nless it is extended by the court, however, as a general rule the stay only protects, by its terms, actions against the debtor, the debtor's property, or property of the estate. It does not, for example, protect nonparties, such as, for example, guarantors of debtor's debt (except in Chapters 12 and 13 where there is a codebtor stay); officers, directors, or shareholders of a corporate debtor, partners of a partnership that is in bankruptcy (or the reverse); or a nonfiling spouse of a debtor[2]."  Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7:4 Vol. 1 (5th ed. 2017), pgs. 1531-1532.

The First Circuit in Laboy v. Doral Mortg. Corp. (In re Laboy), 647 F. 3d 367, 374 (1st Cir. 2011) stated the following regarding whether a violation is deemed "willful:" "[a] violation is 'willful' if a 'creditor's conduct was intentional (as distinguished from inadvertent), and committed with knowledge of the pendency of the bankruptcy case.'" In re Laboy, 647 F. 3d. at 374 citing In re McMullen, 386 F. 3d 320, 330 (1st Cir. 2004). This court in the case of In re Soto Rios, 2009 Bankr. Lexis 2992 (Bankr. D.P.R. 2009) discussed the standard for a willful violation of the automatic under Section 362(k) and stated the following:

> "Section 362(k)(1) allows an individual to recover actual damages, costs and attorneys' fees, and in appropriate circumstances punitive damages when he or she is injured by a willful violation of the automatic stay. See 11 U.S.C. §362(k)(1). "A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under §362(h) is met if there is knowledge of the stay and if the Defendant intended the actions which constituted the violation." [3] Fleet Mortg. Group. Inc. v. Kaneb, 196 F. 3d 265, 269 (1st Cir. 1994). "The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorneys' fees be mandatory upon a finding of a willful violation of the stay." Heghmann v. Indorf (In re Heghmann), 316 B.R. 395, 405 footnote 9 (B.A.P. 1st Cir.2004) (quoting Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 589 (B.A.P. 9th Cir. 1995)); See In re Atamian, 344 B.R. 200, 205 (Bankr. D. Mass. 2006); Parker v. Boston Univ. (In re Parker), 334 B.R. 529, 536-537 (Bankr. D. Mass. 2005). Moreover, a good faith belief in a right to

---

[2] See, e.g., In re Moore, 318 B.R. 679 (Bankr, W.D. Wis. 2004) (community property belonging to debtor and spouse as of commencement of case was protected by stay but not spouse's separate property).  [2]." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7:4 Vol. 1 (5th ed. 2017), pg. 1533, fn. 13.

[3] Section 362(k)(1) was previously codified as subsection 362(h) of the Bankruptcy Code.

certain property is irrelevant in determining the willfulness in an automatic stay violation. Fleet Mortg. Group Inc. v. Kaneb, 196 F. 3d at 268-269. The burden is on the debtor to prove by a preponderance of the evidence that he suffered damages as a consequence of the violation of the automatic stay. See In re Heghmann, 316 B.R. at 404-405. Under Section 362(k)(1) of the Bankruptcy Code  actual damages should only be awarded if there is concrete evidence which supports with reasonable certainty the amount of the award. Id. At 405." In re Soto Rios, 2009 Bankr. Lexis 2992, *13-14.

Section 362(a)(2) stays, "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. §362(a)(2). "This would include, for example, garnishment, levy, or execution, post judgment attachment, and the pursuit of proceedings supplemental to the entry of judgment."  Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7:6 Vol. 1 (5th ed. 2017), pg. 1550. "Also stayed are levy and execution, pursuant to a prepetition judgment, against the property of the estate and against property of the debtor. This stay protects exempt assets that cease to be property of the estate and assets acquired after the commencement of the case."  Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03[4] (16th ed. 2016). "In this regard, 'property of the estate' is expansively defined to include all legal and equitable interests of the debtor in property as of the commencement of the case." Id. at ¶362.03[4].

Section 362(a)(6) stays, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6). "This provision of the Code may at times overlap with other provisions of §362(a), such as, for example, §362(a)(1) (commencement or continuation of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the filing of the case), §362(a)(2) (enforcement of a prepetition judgment), or §362(a)(3) (acts to obtain property of or from the estate), but it is much broader."  Hon. Joan N. Feeney, Hon. Michael G. Williamson

-19-

and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7:10 Vol. 1 (5th ed. 2017), pg. 1582. "Thus, any act taken to collect, assess or recover a prepetition claim against the debtor, whether the act is taken against the estate or against the debtor is stayed." citing Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03[8] (16th ed. 2016). Amongst the acts covered by section 362(a)(6) are actions taken by a creditor to induce debt payment, such as withholding a student's transcript. Id. at 362.03[8][a]. Some courts have applied a "coercive effects" test which is basically whether a creditor "acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt. This 'test' can't be found in the Code, and situations which it applies will be rare, because most act or failures to act have multiple purposes, such as minimizing risk based on creditworthiness." In re Kuehn, 563 F. 3d 289, 292 (7th Cir. 2009); Eagle v. Big Muddy River Correctional Center/Illinois Dept. of Corrections (In re Eagle), 2011 Bankr. Lexis 2352, *6 (Bankr. S.D. Ill. 2011) ("A creditor acts to collect a debt if it acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt").

"Section 362(a)(6) is intended to prevent creditor harassment of the debtor in attempting to collect prepetition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a)(1)." Id. The purpose of section 362(a)(6) is "to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions." In re Duke, 79 F. 3d 43, 45 (7th Cir. 1996) citing Matthews v. Rosene, 739 F. 2d 249, 251 (7th Cir. 1984).

In the instant case Plaintiff argues that the Defendants violated the automatic stay provisions pursuant to 11 U.S.C. §362(a)(2), (6) because they filed a motion for reconsideration on September 18, 2012 requesting the court to continue garnishment proceedings against the

Guillen-Fernández conjugal partnership's property, including the Debtor Guillen's conjugal partnership residence.

The court notes that on even date it has entered an opinion and order in the lead bankruptcy case concerning related issues. The court concluded the following:

> . . . that the provisions of the automatic stay are not extensive to the non-debtor spouse or to his private property. However, the provisions of the automatic stay are extensive to community property pursuant to 11 U.S.C. §541(a)(2).
>     In reaching its conclusion the court differentiates the legal issues in this case, namely, whether the provisions of the automatic stay are extensive to the private property of the non-debtor spouse protecting the same from collection, and whether a creditor is entitled to collect on a community claim ("deuda ganancial") from the private assets of the non-debtor spouse as a purely state law issue (irrespective of whether one of the spouses has filed for bankruptcy protection). The classification of a debt (whether it is a community debt or a private debt) incurred during marriage affects the way a creditor may collect on the debt in conformity with state law.

Prior to the Debtor's bankruptcy petition filing, the Creditors on June 11, 2012 filed a Motion for Execution of Judgment before the state court with the purpose to embargo sufficient property in order to collect the amount of the Judgment (Docket No. 59, pgs. 17-19). The Creditors requested that the proceedings should only be stayed as to the Debtor. The Creditors in their motion specifically stated that the non-debtor spouse did not file for bankruptcy protection and as such the automatic stay does not afford him any protection (Docket No. 31-2).

After considering the uncontested material facts and the applicable law, the court finds that the Creditor's motion for reconsideration did not violate the provisions of the automatic stay because they did not request the execution of the Judgment against the Debtor or against the community property, such as the conjugal partnership's residence.

The Debtor also alleges that the Creditors on October 1, 2012 violated the automatic stay provisions when they filed a Reply to Opposition to Motion for Reconsider Stay in which they sought execution of judgment against the conjugal partnership property. In this motion, the

-21-

Creditors once again requested the same remedy which is that the proceedings should only be stayed as to the Debtor (Docket No. 31-4). Moreover, in said motion the Creditors did not request that the execution of the judgment be against community property. Thus, the court concludes that the Creditors' motion did not violate the provisions of the automatic stay.

Lastly, the Debtor alleges that on March 12, 2013, the Defendants violated the provisions of the automatic stay because they submitted another Motion for Reconsideration to the Appeals Court, demanding the annulment of said Court's Judgment and that said court allow the garnishment of Mr. Fernandez's and the conjugal partnership's property. At this juncture, the court would like to clarify that the Creditors in their reply brief ("Alegato de los Recurridos") (Docket No. 31-7) argued that the automatic stay does not protect the non-debtor and as such the proceedings should not be stayed against the non-debtor (and his private assets)[4]. The Creditors in said motion did not address the conjugal partnership or the community property. The Creditors in the Motion for Reconsideration to the Appellate Court requested that the Judgment be modified to state that the automatic stay provisions are extensive to Mr. Víctor Fernández and the conjugal partnership comprised by the spouses, but not as to the private assets of Mr. Fernández[5] (Docket

---

[4] The Creditors argued as follows in the Appellant's Reply Brief in the Spanish language:

> "En el presente caso la codemandada Teresa Guillén Lugo presentó una solicitud de quiebra ante el Tribunal Federal y dicho foro expidió una orden de paralización. De acuerdo con la Ley, dicha Orden sólo cubre al deudor que ha sometido ante dicho Tribunal una petición de quiebra. Véase 11 USC §362.
>
> El peticionario alega que la quiebra sometida por su esposa le da cubierta a él, por lo que el Tribunal venía obligado a paralizar la ejecución de la sentencia y, en consecuencia, los comparecientes no pueden ejecutar la misma. Si fuera correcto que la petición de quiebras de la señora Guillén Lugo le da cubierta a su esposo, en la petición de quiebras venían obligados a indicar todos los activos que les pertenecen a ambos y no lo hicieron. Los activos que le corresponden al señor Fernández Ramos no surgen de dicha petición y sencillamente no surgen, porque él no es peticionario en dicho proceso" (Docket No. 31-7, pg. 4).

 The court cites *verbatim* from the original document in Spanish for clarity purposes. The same applies to all future references in Spanish.

[5] The Creditors Motion for Reconsideration states as follows in the Spanish language:

No. 31-9). The court finds that said motion did not request to enforce the Judgment against any specific community property (such as the conjugal residence) or any interest of the Debtor in any particular type of community property contrary to the Debtor/Plaintiff's allegations.

Conclusion

In view of the foregoing, the court concludes that the Defendants did not violate the provisions of the automatic stay. Thus, for the foregoing reasons, Plaintiff's motion for partial summary judgment is denied and the Defendants' opposition to partial summary judgment is granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of November 2017.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

"Por lo que respetuosamente se solicita de este Honorable Tribunal que reconsidere su Sentencia, a los efectos de que modifique la misma para que se haga constar que aun cuando la paralización emitida por el Tribunal de Quiebras cubre al Sr. Víctor Roberto Fernández Ramos y a la Sociedad Legal de Gananciales compuesta por ellos, los bienes privativos del codemandado Fernández Ramos responden a sus acreedores, los aquí comparecientes" (Docket No. 31-9, pg. 4).

-23-